| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

ANTHONY JAMES MADRID, §
§
    Movant, §
§
*versus* § CIVIL ACTION NO. 1:21-CV-507
§
UNITED STATES OF AMERICA, §
§
    Respondent. §

**MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Movant Anthony James Madrid, an inmate confined at the Federal Correctional Institution located in Pollock, Louisiana, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends denying and dismissing the motion to vacate.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes movant's objections are without merit. Movant has failed to satisfy his burden of proof regarding his claims against counsel concerning an alleged unkept promise that his sentence would be no more than ten years. Movant's claims are inconsistent with the representations he made in open court, and he has failed to produce any

independent indicia of the likely merit of his allegations.  Movant fails to show he is entitled to relief because he failed to prove (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom the promise was made; or (3) the precise identity of an eyewitness to the promise, as required.  *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).  Instead, Movant provided only his own declaration.  Movant was aware the minimum punishment would be no less than fifteen years given the consecutive nature of count two, and he acknowledged he understood.  (#58 at 14).  The testimony in court and the plain terms of the plea agreement clearly refute movant's current unsupported allegations.  Accordingly, movant's objections should be overruled.

Additionally, movant's attempt to make a new assertion of actual innocence is without merit.  In support of his claim of actual innocence, movant cites the recent decision in *United States v. Connelly*, 117 F.4th 269 (5th Cir. 2024), which held § 922(g)(3) unconstitutional as applied where it seeks to disarm an individual solely "based on habitual or occasional drug use." *Id.* at 282. As explained in the report entered in this case, however, movant was convicted of discharging a firearm, during and in relation to, a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  The charges against movant for violating § 922(g) were dismissed by the government.  Movant has failed to show either actual innocence or a miscarriage of justice.  Accordingly, movant's claim should be denied.

Furthermore, the movant is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying a motion under section 2255 may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to

appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## ORDER

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is

**ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 12th day of March, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE